UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RONDA PETERS,

                        Plaintiff,

           -against-

CITY OF NEW YORK; Police Officer MAX ROLFFOT, Shield No. 01669; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## **PARTIES**

6.  Plaintiff Ronda Peters ("Plaintiff"), an African-American woman, is a resident of Kings County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.  Defendant Police Officer Max G. Rolffot ("Rolffot"), Shield No. 01669, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rolffot is sued in his individual capacity.

9.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

**STATEMENT OF FACTS**

12. At approximately 3:20 a.m. on September 2, 2015, Plaintiff was lawfully present in the vicinity of 50 Linden Boulevard in Brooklyn, New York.

13. While she was returning home from steel band practice, Plaintiff observed police officers from the 70th Precinct approach a group of young men who were playing dominos.

14. The officers jumped out of their car and immediately threw all of the men against the wall.

15. Plaintiff began recording the police interaction.

16. The officers, including Officer Rolffot, then approached Plaintiff and asked for her identification. Plaintiff identified herself and informed officers that she could not provide an ID because she had lost her wallet.

17. The officers had no reason to suspect that Plaintiff was concealing contraband or involved in criminal activity.

18. Nonetheless, the officers placed Plaintiff in handcuffs.

19. The officers then conducted an unlawful search of Plaintiff and her belongings, including her pockets and bag, and confiscated her phone.

20. Plaintiff was arrested and taken to a police precinct.

21. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Plaintiff in possession of an open container of alcohol, in possession of marijuana, and that Plaintiff had incorrectly identified herself as Wanda Peters. The officers prepared police paperwork and other documents to that effect.

22. The officers had not observed Plaintiff with an open container of alcohol and had not found her in possession of marijuana.

23. Indeed, the officers charged one of the men with possession of the same bag of marijuana that they claimed belonged to Plaintiff.

24. Moreover, Plaintiff had not identified herself as Wanda Peters. Plaintiff does not have any relatives named Wanda.

25. The officers fabricated these statements and prepared these documents in an effort to justify their unlawful search and false arrest of Plaintiff.

26. Plaintiff was then taken to Brooklyn Central Booking.

27. Plaintiff was charged with unlawful possession of marijuana, consumption of alcohol in public and false personation.

28. Plaintiff suffers from cancer and is prone to bouts of illness, including severe nausea.

29. In spite of her weak physical condition, Plaintiff was kept for approximately twenty-four hours in custody.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Unlawful Stop and Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against Plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### First Amendment Retaliation

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of her right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated Plaintiff's First Amendment rights to speech by unlawfully denying her right to speak freely by subjecting her to false arrest and excessive force to deter the exercise of her First Amendment rights. Defendants' actions were taken in retaliation for Plaintiff's exercising her First Amendment rights.

47. As a consequence of the individual defendants' actions, Plaintiff has suffered violations of her First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that she will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing her First Amendment-protected activities.

48. As a direct and proximate result of the individual defendants' unlawful actions, Plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### SIXTH CLAIM
### Failure To Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **SEVENTH CLAIM**
### *Monell*

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

55. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

56. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

57. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

58. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

59. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    April 20, 2016
          New York, New York

                                                    /s
                                    Robert Marinelli
                                    305 Broadway, 10th Floor
                                    New York, New York 10007
                                    (212) 822-1427

                                    *Attorney for Plaintiff*